UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
CIVIL DIVISION

FILED
DEC 14 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| RYAN S. JAMES,<br>5208 Capricorn Loop,<br>Killeen, TX 76542,<br><br>　　　　Plaintiff,<br>　　v.<br><br>CARLOS H. CASCOS, Secretary<br>Texas Department of State,<br>Service of Process<br>Secretary of State<br>James E. Rudder Bldg.<br>1019 Brazos, Room 105<br>Austin, TX 78701,<br><br>　　　　Defendant. | Civil No. W16CA457<br><br>JURY DEMAND |

## VERIFIED COMPLAINT

Pro se Plaintiff, Ryan S. James, hereby sues the above-named Defendant and in support thereof states:

### PARTIES

1.   Pro se plaintiff, Ryan S. James, is a citizen of the United States who resides at 5208 Capricorn Loop, Killeen, TX, 76542. He is registered to vote at that address, and did cast his vote in the 2016 presidential election, for an elector for Hillary R. Clinton.

2.   Defendant Carlos H. Cascos is the Secretary of State of the State of Texas, the official responsible for voting law enforcement including implementation and interpretation of Chapter 192 of Title 11 of the Texas Election Code, according to the provisions thereof and otherwise under Texas state law.

### JURISDICTION AND VENUE

3.   This action arises under the equal protection clause of the Fourteenth

1

Amendment to the United States Constitution, as well as Article 1, Section 3 of the Texas Constitution. Jurisdiction and venue are therefore proper under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 2343 respectively.

## FACTS

4. On or before November 8, 2016, Plaintiff, being properly registered, did cast a vote in Killeen, TX in support of an elector corresponding to Hillary R. Clinton for the office of the President of the United States.

5. In the 2016 U.S. presidential election, Donald Trump won 52.6 percent of Texan's votes, Hillary Clinton won 43.4 percent, Gary Johnson won 3.2 percent, and Jill Stein won 0.8 percent according to CNN.com.[1]

6. Article 1, Section 3 of the Texas Constitution states, "All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

7. The Fourteenth Amendment to the U.S. Constitution states, in relevant part, "No State shall...deny to any person...the equal protection of the laws."

8. Pursuant to Chapter 192 of Title 11 of the Texas Election Code ("Tx. Elec. Code") Defendant is responsible under state law for implementing and enforcing all relevant election-related government functions, including, but not limited to, "arrang[ing] for the [elector's] meeting place, notify[ing] the electors, and call[ing] the meeting to order," as well as acting as, "temporary chair of the meeting until the electors elect a chair from among themselves." Tx. Elec. Code. Sec. 192.006(b).

9. Tx. Elec. Code, Sec. 192.001 states that, "Electors for president and vice-

---

[1] http://www.cnn.com/election/results/states/texas (last visited Dec. 13, 2016).

president of the United States shall be elected at the general election for state and county officers held in a presidential election year."

10. Tx. Elec. Code, Sec. 192.006 states, "(a) The electors shall convene at the State Capitol at 2 p.m. on the first Monday after the second Wednesday in December following their election and shall perform their duties as prescribed by federal law. (b) The secretary of state shall arrange for the meeting place, notify the electors, and call the meeting to order. The secretary shall act as temporary chair of the meeting until the electors elect a chair from among themselves. (c) If an elector is absent at the time for convening the meeting, the electors may declare the elector position vacant by a majority vote of those present at the meeting."

11. Tx. Elec. Code Sec. 192.035 states, "A vote for a presidential candidate and the candidate's running mate shall be counted as a vote for the corresponding presidential elector candidates."

12. Tx. Elec. Code Sec. 192.005 states, "The set of elector candidates that is elected is the one that corresponds to the candidates for president and vice-president receiving the most votes."

13. Therefore, on December 19, 2016, under current state law, the Defendant will authorize and initiate a process by which my vote, and the vote cast by every other Texas voter for a Clinton elector, will be changed, against our democratically expressed wishes, to a vote for a Trump elector under Texas' winner-take-all presidential elector election scheme proclaimed by Tx. Elec. Code Sec. 192.005.

14. Millions of Texans, like many other Americans, don't vote because they feel

like their votes don't count. And in "winner-take-all states" like Texas they are right. Any system that awards all "elector candidates" as a "set," instead of as individual elector positions elected in proportion to the state-wide vote, is stealing every vote cast for all runner-up candidates and assigning them to the candidate who received the most votes.

15. The result is a perversion of democracy, whereby the Texas' elector body reflects only the position of Texans who supported the candidate who received the most votes. This means that if a candidate won a ten-way contest by getting 10.10% of the vote (to 10.09% for each of the other nine candidates) that candidate would be awarded all of Texas' presidential electors.

16. The current system, by allowing a party that wins only a portion, and in theory, only a fraction, of the state's popular vote to claim every elector seat in Texas' deliberative electoral college body, betrays the very principal of representational democracy and offends common sense. Furthermore it is illegal and unconstitutional.

17. Tx. Elec. Code Sec. 192.005 is nothing more than an attempt to do through legal trickery – the change of "elector candidates" to "set of elector candidates" – exactly what the equal protection clauses of the Texas and United States constitutions prohibit; systemic silencing of the minority's voice in government and a nullification of the one-person-one-vote standard. It also directly contradicts the plain language of Texas Election Code.

## COUNT I – VIOLATION OF TEXAS ELECTION LAW TITLE 11, SECTIONS 192.001, 192.006, and 192.035

18. Pro se plaintiff hereby incorporates paragraphs 1-17 into this Count.

19. Tx. Elec. Code Chapter 192 ("Section 192"), Sec. 192.001 states that,

"Electors for president and vice-president of the United States shall be elected at the general election for state and county officers held in a presidential election year."

20. Section 192.035 states that, "A vote for a presidential candidate and the candidate's running mate shall be counted as a vote for the corresponding presidential elector candidates."

21. By the plain language of Sec. 192.035, a vote for either presidential candidate is counted as a vote for the "elector candidates" corresponding to the candidates themselves.

22. Therefore, instead of voting for Trump or Clinton directly in 2016, my vote was cast for an "elector candidate" corresponding to the candidate for whom I voted, in this case Clinton.

23. By the plain language of the statute, I, like every voter in Texas, voted indirectly for an individual presidential candidate by voting directly for an individual elector candidate.

24. The fact that voters are voting for individual "electors," and not "a set of electors" is explicitly confirmed by the plain language of Section 192.001, stating, "Electors for president and vice-president of the United States shall be elected at the general election for state and county officers held in a presidential election year." It clearly states, "Electors…shall be elected…," not "a set of electors…shall be elected."

25. The plain meaning found in Sections 192.001 and 192.035 is further reinforced by the plain language of Section 192.006 which provides that the "electors", not a "set of electors", "shall convene at the State Capitol at 2 p.m. on the first Monday

after the second Wednesday in December following their election and shall perform their duties as prescribed by federal law."

26.     The effect of Section 192.005 is to re-allocate, contrary to the plain language of Sections 192.001, 192.006, and 192.035, every vote for the losing candidates electors, to the winning candidate's electors by awarding all of Texas' elector votes to a "set of elector candidates" corresponding with the candidate that received the largest portion of the state-wide vote.

27.     However, I and other voters were not voting for a "set of elector candidates", but for one of the specific "electoral candidates" corresponding to each candidate whose name appeared on the 2016 ballot for U.S. President.

28.     Accordingly, the "winner-take-all" provision in Sec. 192.005 that awards all electoral votes, including votes for opposing candidates' electors, to the candidate whose electors received the most votes violates the plain language of Sections 192.001, 192.006, and 192.035.

## PRAYER FOR RELIEF

WHEREFORE, Pro se plaintiff respectfully requests that this Court:

1. Rule that Section 192.005 violates the plain language and intention of the Texas Election Code, particularly, Sections 192.001, 192.006, and 192.035.

2. Order that Defendant perform his duties under the Texas election code and Section 192.006(b) by taking such action as is necessary to award and seat Texas' 38 electors on a proportional basis, such that each presidential candidate is awarded the number of electors that corresponds to the percent of the state-wide vote that each candidate received, for the 2016 and all future presidential elections.

3. Order that Defendant perform his duties under the Texas Election Code Section 192.006(b) by taking such action as is necessary to notify and seat no more than 20 electors supporting Trump and no fewer than 16 electors supporting Clinton, based on the percent of the state-wide vote each received.

4. Enjoin Defendant from taking any actions contrary to the Court's determination in this case, or from failing to take all necessary and prudent actions to enforce this Court's ruling.

5. For court and other legal and related costs and fees.

6. For such other relief the nature of this cause requires.

## COUNT II – VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE

29. Plaintiff hereby incorporates paragraphs 1-28 into this Count.

30. The United States Supreme Court has held that, "The right of suffrage is denied by debasement or dilution of a citizen's vote in a state or federal election," in upholding the principle of "one-person-one-vote". *See, Reynolds v. Sims*, 377 U.S. 533, 554-555 (1964) (holding that federal equal protection demands "no less than substantially equal state legislative representation for all citizens…").

31. Section 192.005 violates this principal of one-person-one-vote, by awarding all seats in the deliberative electoral college body reserved for representatives from Texas to the winner of the popular vote. This is the equivalent of holding state-wide elections for the state senate and then awarding all 31 senate seats to the party that got more votes than any other party.

32. Accordingly, the "winner-take-all" provision in Section 192.005 that awards

7

all electoral seats, and thus all votes, including votes for opposing candidates' electors, to the candidate whose electors received the most votes violates the equal protection clause of the Fourteenth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Pro se plaintiff respectfully requests that this Court:

1. Rule that Section 192.005 violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

2. Order that Defendant perform his duties under the Texas election code and Section 192.006(b) by taking such action as is necessary to award and seat Texas' 38 electors on a proportional basis, such that each presidential candidate is awarded the number of electors that corresponds to the percent of the state-wide vote that each candidate received, for the 2016 and all future presidential elections.

3. Order that Defendant perform his duties under the Texas Election Code Section 192.006(b) by taking such action as is necessary to notify and seat no more than 20 electors supporting Trump and no fewer than 16 electors supporting Clinton, based on the percent of the state-wide vote each received.

4. Enjoin Defendant from taking any actions contrary to the Court's determination in this case, or from failing to take all necessary and prudent actions to enforce this Court's ruling.

5. For court and other legal and related costs and fees.

6. For such other relief the nature of this cause requires.

## COUNT III – VIOLATION OF TEXAS EQUAL PROTECTION CLAUSE

33. Plaintiff hereby incorporates paragraphs 1-32 into this Count.

34. The United States Supreme Court has held that, "The right of suffrage is denied by debasement or dilution of a citizen's vote in a state or federal election," in upholding the principle of "one-person-one-vote". *See, Reynolds v. Sims*, 377 U.S. 533, 554-555 (1964) (holding that federal equal protection demands "no less than substantially equal state legislative representation for all citizens…").

35. "Texas cases echo federal standards when determining whether a statute violates equal protection." See *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 846 (Tex. 1990).

36. Section 192.005 violates this principal of one-person-one-vote, by awarding all spots in the deliberative electoral college body reserved for representatives from Texas to the winner of the popular vote. This is the equivalent of holding state-wide elections for the state senate and then awarding all 31 senate seats to the party that got more votes than any other party.

37. Accordingly, the "winner-take-all" provision in Section 192.005 that awards all electoral seats, and thus all votes, including votes for opposing candidates' electors, to the candidate whose electors received the most votes violates the equal protection clause of Article 1, Section 3 of the Texas Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Pro se plaintiff respectfully requests that this Court:

1. Rule that Section 192.005 violates Article 1, Section 3 of the Texas Constitution.

2. Order that Defendant perform his duties under the Texas election code and Section 192.006(b) by taking such action as is necessary to award and seat Texas' 38 electors on a proportional basis, such that each presidential

candidate is awarded the number of electors that corresponds to the percent of the state-wide vote that each candidate received, for the 2016 and all future presidential elections.

3. Order that Defendant perform his duties under the Texas Election Code Section 192.006(b) by taking such action as is necessary to notify and seat no more than 20 electors supporting Trump and no fewer than 16 electors supporting Clinton, based on the percent of the state-wide vote each received.

4. Enjoin Defendant from taking any actions contrary to the Court's determination in this case, or from failing to take all necessary and prudent actions to enforce this Court's ruling.

5. For court and other legal and related costs and fees.

6. For such other relief the nature of this cause requires.

## JURY DEMAND

Pro se plaintiff respectfully requests and demands that his case be heard by a jury.

## VERIFICATION

Under penalty of perjury, the plaintiff swears or affirms that he has reviewed the complaint, and that regarding the allegations of which the plaintiff has personal knowledge, the plaintiff knows or believes them to be true.

Dated: December 14, 2016

Ryan S. James, pro se plaintiff
5208 Capricorn Loop
Killeen, TX 76542
(254) 781-8802
rsjames@gmail.com

State of Texas

County of Bell

Subscribed and sworn to (or affirmed) before me this 14th day of December, in the year 2016.

_____
Signature of Notary Public

My commission expires  5-13-19 .

REJANE R. GENTILLON
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-13-19

11