UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
CIVIL DIVISION
Civil No.

FILED
DEC 14 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| RYAN S. JAMES, | ) |
| Plaintiff, | ) |
| v. | ) W16CA457 |
| CARLOS H. CASCOS, Secretary Texas Department of State, | ) |
| Defendant. | ) |

### PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(a)

NOW COMES the Pro se plaintiff Ryan S. James in the above-captioned case, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and moves the Court for a temporary restraining order and a preliminary injunction against Defendant. In support thereof, Pro se plaintiff states as follows:

1. On December 14, 2016, Pro se plaintiff filed a Verified Complaint, alleging, pursuant to 42 U.S.C. § 1983, that Pro plaintiff is entitled to relief from this Court for violation of his rights under the Fourteenth Amendment to the United States Constitution, Article 1, Section 3 of the Texas Constitution, and under Texas law.

2. Pro se plaintiff seeks a temporary restraining and preliminary injunction enjoining Defendant, its officers, agents, servants, employees, those persons in active concert or participation with Defendant, and all other persons within the scope of Federal Rule of Civil Procedure 65, from taking any action in furtherance of the election, appointment, awarding,

seating or voting of Texas' presidential electors individually, or collectively as a whole pending resolution of Pro se plaintiff's claims.

3. Federal Rule of Civil Procedure 65 provides for the issuance of a temporary restraining order and preliminary injunction under circumstances such as those that exist in the present case.

4. In support of this motion, Pro se plaintiff submits the attached Memorandum of Points and Authorities, addressing all necessary elements for the entry of a temporary restraining order and preliminary injunction.

WHEREFORE, for the foregoing reasons, and for those set forth in Pro se plaintiff's supporting Memorandum of Points and Authorities, Pro se plaintiff respectfully moves that the Court enter a temporary restraining order and preliminary injunction enjoining Defendant, its officers, agents, servants, employees, those persons in active concert or participation with Defendant, and all other persons within the scope of Federal Rule of Civil Procedure 65, from taking any action in furtherance of the election, appointment, awarding, seating or voting of Texas' presidential electors individually, or collectively as a whole pending resolution of Pro se plaintiff's claims.

Dated: December 14, 2016

_____
Ryan S. James, pro se plaintiff
5208 Capricorn Loop
Killeen, TX 76542
(254) 781-8802
rsjames@gmail.com

UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
CIVIL DIVISION

| | |
|---|---|
| RYAN S. JAMES, | ) |
| | ) Civil No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARLOS H. CASCOS, Secretary, | ) |
| Texas Department of State, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pro se plaintiff Ryan S. James submits the following memorandum of points and authorities in support of his motion for a temporary restraining order and preliminary injunction.

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. 1-2

TABLE OF AUTHORITIES ............................................................................................ 3

INTRODUCTION ............................................................................................................ 4

FACTUAL BACKGROUND............................................................................................ 4

ARGUMENT..................................................................................................................... 5

    I.    Legal Standards..................................................................................................... 6

    II.    Mr. James Is Entitled to a Temporary Restraining Order and a Preliminary Injunction............................................................................................................... 7

        a.    Mr. James is Likely to Prevail on the Merits..................................................... 7

        b.    Mr. James and Millions of Voters Will Face Irreparable Harm Absent Injunction........................................................................................................ 7-8

        c.    There is No or De Minimus Possibility of Harm to government...................... 8

        d.    There is a Strong Public Interest in Granting Petitioners' Motion................... 8

CONCLUSION.................................................................................................................. 9

# TABLE OF AUTHORITIES

## Case Law

*F.T.C. v. Exxon Corp.*, 636 F.2d 1336, 1343 (D.C. Cir. 1980) ............................................. 8

*FTC v. Mallett*, No. 11-01664 CKK, 2011 WL 4852228, *3 (D.D.C. Oct. 13, 2011)................ 8

*F.T.C. v. Whole Foods Mkt., Inc.*, 548 F.3d 1028, 1035 (D.C. Cir. 2008)............................ 8

*Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 126 S. Ct. 1211, 1219 (2006)..... 6

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)................................................... 6

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985) 6

*Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 773 F.Supp. 2d 151, 179-80 (D.D.C. 2011).................................................................................. 7-8

*Reynolds v. Sims*, 377 U.S. 533, 554-555 (1964)......................................................... 7

## Federal Law

Fourteenth Amendment to the United States Constitution............................................ 5, 7

## State Law

Article 1, Section 3 of the Texas Constitution............................................................... 4-5, 7

Section 192 of the Texas Election Code

    Section 192.001.................................................................................................. 5

    Section 192.005.................................................................................................. 4, 5, 7

    Section 192.006.................................................................................................. 4, 5

    Section 192.035.................................................................................................. 5

## Other Sources

CNN.com: http://www.cnn.com/election/results/states/texas (last visited Dec. 13, 2016)......................... 4

## INTRODUCTION

This action arises from the internally inconsistent and unconstitutional language of Title 11, Chapter 192 of the Texas Election Code, specifically, the "winner-take-all" awarding of Texas presidential elector vote under Section 192.005 of the Texas Election Code.

## FACTUAL BACKGROUND

Pro se plaintiff, Ryan S. James, is a citizen of the United States who resides at 5208 Capricorn Loop, Killeen, TX, 76542. He is registered to vote at that address, and did cast his vote in the 2016 presidential election, for an elector for Hillary R. Clinton.

Defendant Carlos H. Cascos is the Secretary of State of the State of Texas, the official responsible for voting law enforcement including implementation and interpretation of Chapter 192 of Title 11 of the Texas Election Code, according to the provisions thereof and otherwise under Texas state law. Pursuant to Chapter 192 of Title 11 of the Texas Election Code ("Tx. Elec. Code") Defendant is responsible under state law for implementing and enforcing all relevant election-related government functions, including, but not limited to, "arrang[ing] for the [elector's] meeting place, notify[ing] the electors, and call[ing] the meeting to order," as well as acting as, "temporary chair of the meeting until the electors elect a chair from among themselves." Tx. Elec. Code. Sec. 192.006(b).

In the 2016 U.S. presidential election, Donald Trump won 52.6 percent of Texan's votes, Hillary Clinton won 43.4 percent, Gary Johnson won 3.2 percent, and Jill Stein won 0.8 percent according to CNN.com.[1]

Article 1, Section 3 of the Texas Constitution states, "All free men, when they

---

[1] http://www.cnn.com/election/results/states/texas (last visited Dec. 13, 2016).

form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services." The Fourteenth Amendment to the U.S. Constitution states, in relevant part, "No State shall...deny to any person...the equal protection of the laws."

Tx. Elec. Code, Sec. 192.001 states that, "Electors for president and vice-president of the United States shall be elected at the general election for state and county officers held in a presidential election year." Tx. Elec. Code, Sec. 192.006 states, "(a) The electors shall convene at the State Capitol at 2 p.m. on the first Monday after the second Wednesday in December following their election and shall perform their duties as prescribed by federal law. (b) The secretary of state shall arrange for the meeting place, notify the electors, and call the meeting to order. The secretary shall act as temporary chair of the meeting until the electors elect a chair from among themselves. (c) If an elector is absent at the time for convening the meeting, the electors may declare the elector position vacant by a majority vote of those present at the meeting."

Tx. Elec. Code Sec. 192.035 states, "A vote for a presidential candidate and the candidate's running mate shall be counted as a vote for the corresponding presidential elector candidates." Tx. Elec. Code Sec. 192.005 states, "The set of elector candidates that is elected is the one that corresponds to the candidates for president and vice-president receiving the most votes."

**ARGUMENT**

Pro se plaintiff Ryan S. James is entitled to a temporary restraining order and a preliminary injunction enjoining Defendant, its officers, agents, servants, employees, those

persons in active concert or participation with Defendant, and all other persons within the scope of Federal Rule of Civil Procedure 65, from taking any action in furtherance of the election, appointment, awarding, seating or voting of Texas' presidential electors individually, or collectively as a whole pending resolution of Pro se plaintiff's claims.

Mr. James is likely to prevail on the merits, and certain to suffer irreparable injury if this motion is not granted. The Court must act now to prevent irreparable injury to Mr. James and the public and ensure their presidential votes are properly counted and awarded. The prospect of harm to the state of Texas is non-existent or negligible if the motion is granted, and the public interest strongly favors Mr. James' motion, as there is no legal or equitable mechanism for allowing a cancellation or re-vote of presidential electors.

I.  Legal Standard

A movant is entitled to a temporary restraining order and/or a preliminary injunction "to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985). Movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened injury to the Plaintiff outweighs the injury to the Defendant; and (4) that granting the injunction does not disserve the public interest. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). When agency action is involved, the Court should balance the actual irreparable harm to the plaintiff and the potential harm to the government. *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 126 S. Ct. 1211, 1219 (2006). Each of the relevant factors weighs in favor of Mr. James.

II.     Mr. James Is Entitled to a Temporary Restraining Order and a Preliminary Injunction

    a. Mr. James is Likely to Prevail on the Merits

Mr. James' claim in this lawsuit is three-fold. Texas' winner-take-all presidential elector election system, particularly, Section 192.005 of the Texas Election Code (Title 11, Chapter 192), violates: (1) the plain language of Texas Election Code Sections 192.001, 192.006, and 192.035, as well as (2) the "one-person-one-vote" principal under the equal protection clause of the Fourteenth Amendment of the United States Constitution, and (3) Article 1, Section 3 of the Texas Constitution.

The United States Supreme Court has held that, "The right of suffrage is denied by debasement or dilution of a citizen's vote in a state or federal election," in upholding the principle of "one-person-one-vote". *See, Reynolds v. Sims*, 377 U.S. 533, 554-555 (1964) (holding that federal equal protection demands "no less than substantially equal state legislative representation for all citizens…"). Because the electoral college is a representative body just as the state legislature is, the "winner-take-all" provision of Section 192.005 of the Texas Election Code, does not, on its face, meet the standard known as "one-person-one-vote" that prevents exactly the type of vote dilution created by Section 192.005. Accordingly, Pro se plaintiff is likely to prevail on the merits.

    b. Millions of Texas Voters, Including Mr. James, Will Be Irreparably Harmed Absent Injunction

To obtain a preliminary injunction, the plaintiff must demonstrate "that if the district court denied the grant of a preliminary injunction, irreparable harm would result." *Janvey*, 647 F.3d at 600. "In general, a harm is irreparable where there is no adequate remedy at law." *Id*. When a plaintiff faces "certain and imminent" injury with no way to recover the loss, it weighs in favor of finding "irreparable injury." *See e.g., Nat'l Ass'n of Mortg. Brokers v. Bd. of*

6

*Governors of Fed. Reserve Sys.*, 773 F.Supp. 2d 151, 179-80 (D.D.C. 2011). Because there is no legal or equitable mechanism for allowing a cancellation or re-vote of presidential electors, the Court's failure to enjoin Defendant prior to the time Texas' electors will meet to vote at 2:00 p.m. on December 19, 2016 will result in irreparable harm to Pro se plaintiff and to the public.

  c. <u>There is No or De Minimus Possibility of Harm to Government if Relief is Granted</u>

In order to sustain a motion for temporary injunctive relief, the moving party must show that the injunction "would not substantially injure other interested parties." *FTC v. Mallett*, No. 11-01664 CKK, 2011 WL 4852228, *3 (D.D.C. Oct. 13, 2011). The state of Texas cannot suffer a cognizable harm if it is made to enforce its own statute, because it has no legitimate interest in failing to enforce the laws of the State of Texas in a manner that is consistent with the plain language of the statute as well as equal protection guarantees of the U.S. and Texas constitutions.

  d. <u>There is a Strong Public Interest in Granting Petitioners' Motion</u>

It is well established that there is a strong public interest in favor of the enforcement of public laws and regulations. *F.T.C. v. Whole Foods Mkt., Inc.*, 548 F.3d 1028, 1035 (D.C. Cir. 2008) (recognizing "the public interest in effective enforcement of the antitrust laws."); *F.T.C. v. Exxon Corp.*, 636 F.2d 1336, 1343 (D.C. Cir. 1980). Millions of Texas' voters will benefit from the constitutional implementation of the Texas Election Code, which will allow their voices to be heard in the electoral college body and vote in proportion to the support received by their candidates electors, i.e., the public vote.

Additionally, by restoring the votes of the minority viewpoint with the implementation of the more democratic and representative proportional system of awarding elector positions, faith in the state and federal democratic process will be restored and reinforced both domestically and in furtherance of U.S. foreign policy of spreading democratic values. Instead of erasing the votes, and thus the voices, of over 40 percent of Texas' voters, and improperly awarding them to

another candidate's electors under the current "winner-take-all" system, this court will be sending the entire world a signal that democracy is alive and strong, in the state of Texas at least.

## CONCLUSION

For the reasons set forth above, Pro se plaintiff Ryan S. James respectfully requests that the Court issue a temporary restraining order and preliminary injunction enjoining Defendant, its officers, agents, servants, employees, those persons in active concert or participation with Defendant, and all other persons within the scope of Federal Rule of Civil Procedure 65, from taking any action in furtherance of the election, appointment, awarding, seating or voting of Texas' presidential electors individually, or collectively as a whole pending resolution of Pro se plaintiff's claims.

Dated: December 14, 2016

_____
Ryan S. James, pro se plaintiff
5208 Capricorn Loop
Killeen, TX 76542
(254) 781-8802
rsjames@gmail.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 14th day of December 2016, he caused one copy each of the foregoing MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, including memorandum in support and attachments, to be served by overnight registered or certified mail on the following:

Carlos H. Cascos, Secretary
Texas Department of State,
Service of Process
Secretary of State
James E. Rudder Bldg.
1019 Brazos, Room 105
Austin, TX 78701

Ryan S. James, pro se plaintiff
5208 Capricorn Loop
Killeen, TX 76542
(254) 781-8802
rsjames@gmail.com