FILED
DEC 1 9 2016
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY

UNITED STATES OF AMERICA

WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| RYAN S. JAMES,<br>   Plaintiff,<br><br>v.<br><br>CARLOS H. CASCOS *Secretary,*<br>*Texas Department of State*<br>   Defendant. | C.A. No. 6:16-cv-457-RP-JCM |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

While Defendant has not yet appeared, in the interest of judicial efficiency, the undersigned recommends that Plaintiff's 42 U.S.C. § 1983 claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing.

### I. BACKGROUND

Plaintiff, proceeding pro se, filed this suit on December 14, 2016. ECF No. 1. Plaintiff brings this suit against Texas' Secretary of State, Carlos Cascos, challenging the constitutionality of Texas Election Code § 192.005. *Id*. Plaintiff contends that § 192.005 violates: (1) Texas Election Law under Title II; (2) his Fourteenth Amendment right to

Equal Protection; and (3) Article I, Section 3 of the Texas Constitution. *Id.* Plaintiff asserts that allowing a party that wins the majority of the state's popular vote to claim every elector seat is "illegal and unconstitutional." *Id.* at 4.

Plaintiff requests the following relief:

1. A ruling that § 192.005 violates the plain language and intention of the Texas Election Code, particularly, §§ 192.001, 192.006, and 192.035.

2. The Court order Defendant to "perform his duties under the Texas Election Code and §192.006(b) by taking such action as is necessary to award and seat Texas' 38 electors on a proportional basis, such that each presidential candidate is awarded the number of electors that corresponds to the percent of the state-wide vote that each candidate received, for the 2016 and all future presidential elections.

3. Specifically, Plaintiff requests that the Court order Defendant to take "such action as is necessary to notify and seat no more than 20 electors supporting Trump and no fewer than 16 electors supporting Clinton, based on the percent of the state-wide vote each received.

4. Finally, Plaintiff requests that the Court enjoin Defendant from taking any actions contrary to the Court's determination in this case, or from failing to take all necessary and prudent actions to enforce this Court's ruling, as well as court and litigation costs.

*Id.*

## II. STANDING

### A. Legal Standard

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ("subject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *see also McDonald v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) (a "federal court may raise subject

matter jurisdiction sua sponte."). Jurisdictional questions are questions of law. *Pederson v. Louisiana State University*, 213 F.3d 858, 869 (5th Cir. 2000). Issues regarding Article III standing or constitutional standing are properly addressed under Rule 12(b)(1), whereas prudential or statutory standing issues are addressed under Rule 12(b)(6). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n. 2 (5th Cir. 2011).

Constitutional standing affects the court's jurisdiction under Article III of the Constitution to hear a case. *Allen v. Wright*, 468 U.S. 737, 750 (1984) (concluding that Article III of the Constitution "confines the federal courts to adjudicating actual cases and controversies.") (internal quotations omitted). Standing focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated. *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) (*citing United States v. Hays*, 515 U.S. 737, 742-43 (1995)). Standing also deals with the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues. *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013). As a general rule, standing must exist at the time an action is filed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n. 4 (1992); *see also Pederson*, 213 F.3d at 869. The requirement that a plaintiff have standing to sue involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001); *Bey v. PEF Capital Properties, LLC*, No. 3:12-CV-2371-L BH, 2013 WL 1743890, at *2 (N.D. Tex. Apr. 23, 2013).

For constitutional standing, there must be: (1) injury in fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury

3

and the defendant's actions; and (3) the likelihood of redressability. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). Thus, to satisfy the three requirements of Article III standing, the plaintiff must allege an injury in fact that is fairly traceable to the defendant's conduct and likely to be redressed by a favorable ruling. *Id.* If a plaintiff meets these constitutional requirements, the court's exercise of jurisdiction must also satisfy the "prudential considerations that are part of judicial self-government."[1] *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009).

**B. Analysis**

Plaintiff alleges that the Texas Electoral College voting scheme infringes upon his individual voting rights. *See* ECF No. 1. A general interest in seeing that the government abides by the Constitution is not sufficiently individuated or palpable to constitute such an injury. *Allen v. Wright*, 468 U.S. 737, 754 (1984) ("[t]his Court has repeatedly held that an asserted right to have the government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."). Plaintiff's assertion that a violation of the Equal Protection clause "one person one vote" standard will deny his individual right to cast a meaningful vote also fails to satisfy the Article III requirement of a "distinct and palpable injury." This type of injury is distinctly abstract, and Plaintiff fails to demonstrate how he, as opposed to the general voting population, will feel its effects. *See Froelich v. Federal Election Comm'n*, 855 F.Supp. 868, 870 (E.D. Va. 1994) (holding that plaintiffs who alleged that interstate campaign contributions deprived them

---

[1] Because the Court holds below that Plaintiff fails to satisfy the constitutional requirements to maintain this action, the Court need not address whether prudential concerns affect the exercise of jurisdiction. *See Bey v. PEF Capital Properties, LLC*, No. 3:12-CV-2371-L BH, 2013 WL 1743890, at *2 (N.D. Tex. Apr. 23, 2013).

of meaningful vote described injury that was too abstract and hypothetical to constitute injury in fact under Article III).

Absent a stronger showing of a particularized, palpable injury, Plaintiff falls short in his attempt to establish standing to vindicate his personal interest in this suit. Because Plaintiff fails to demonstrate a specific and individualized injury from the impending alleged violation of the Equal Protection Clause, the Court finds that Plaintiff does not have standing to bring this suit. Because Plaintiff does not satisfy the requirements for constitutional standing as to his 42 U.S.C. § 1983 claim, it should be dismissed.

### III. PLAINTIFF'S PENDING STATE LAW CLAIMS

Plaintiff also brings state law claims pursuant to Texas Election Law under Title II and Article I, Section 3 of the Texas Constitution. *See* ECF No. 1. As a general rule, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ." *Brookshire Bros. Holding, Inc. v. Dayco Prods.*, Inc., 554 F.3d 595, 601-02 (5th Cir. 2009). Furthermore, a district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id*. Other relevant factors include "judicial economy, convenience, fairness, and comity." *Id*.

In *Parker*, a district court decided to retain jurisdiction over state law claims following dismissal of all federal law claims. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587–90 (5th Cir. 1992). The Fifth Circuit found that the district

court abused its discretion by retaining jurisdiction over the state law claims because, inter alia: (1) the proceedings were at a relatively early state when the district court made its election to retain jurisdiction (the case had only been pending for nine months and discovery had not been completed); (2) trying the remaining state issues in state court would not impose any significant additional burdens on the parties such as repeating the effort and expense of the discovery process; and (3) the relitigation of procedural matters in state court would not pose any undue hardship. *Id.*

As discussed above, the Court recommends that Plaintiff's federal claim be dismissed for lack of standing. Thus, if adopted, all claims over which this Court has original jurisdiction will be dismissed. Like in *Parker*, this case is at an early stage of the litigation process. In fact, Plaintiff filed this suit less than a week ago. *See* ECF No. 1. Trying the remaining state issues will not impose significant additional burdens on the parties or impose any undue hardship. Therefore, the undersigned recommends that Plaintiff's remaining state law claims be dismissed without prejudice so that Plaintiff may properly bring such claims before a Texas state court.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** the Plaintiff's 42 U.S.C. § 1983 claim (ECF No. 1) be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. The undersigned also **RECOMMENDS** that Plaintiff's pending state law claims be **DISMISSED without prejudice** so that Plaintiff may pursue said claims in state court.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** this 19th day of December, 2016.

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE